WESTERN DISTRICT, PITTSBURGH, 1858.

## Hill *et al. versus* Culan.

1. The quashing of a writ, and all proceedings thereon, including a recognizance entered into by plaintiff, *sub con.* act of assembly in foreign attachment, is not equivalent to disproving or avoiding the debt by defendant; and a *scire facias* cannot be sustained on a recognizance so quashed.

2. *Query.*—Whether an affidavit of defence is required, in an action on a recognizance in foreign attachment?

ERROR to the court of Common Pleas of *Erie county*.

The plaintiff in error was defendant below.

This was a *scire facias sur* recognizance in foreign attachment. The facts are fully set forth in the following affidavit of defence filed March 19, 1858, to wit: " That defendants have a full and entire defence to the whole of the plaintiff's claim in this case, which is as follows, to wit: On the 14th day of July, 1853, Robert Hill, one of the defendants in this case, brought his foreign attachment against Franklin Culan, and on the same day he attached by virtue thereof, the moneys of the said Culan in the hands of William Millar ; and subsequently thereto, to wit., on the 9th day of February, 1854, the said Hill obtained judgment against said Culan for want of appearance, which said judgment was liquidated at the sum of $68.90. That subsequently thereto, to wit., on the said 25th day of February, 1854, said Robert Hill, as principal, and Parker F. Hardy and E. T. M'Cann, as sureties, entered into recognizance in the sum of $120, conditioned, that if the defendant in the attachment shall, within a year and a day next ensuing the date of such recognizance, by himself or his attorney, come into court and disprove or avoid the debt recovered against him, or shall discharge the same with costs, that in such a case the plaintiff would restore to the defendant, the goods and effects or the value thereof attached and condemned, or so much thereof as should be disproved or discharged, or else that they the said securities would do so for him the said plaintiff. That subsequently thereto, to wit., on the said 25th day of February, 1854, the said William Millar, garnishee, in answer to interrogations to him exhibited, stated that he had in his hands money of the said Culan, of the amount of four hundred dollars that

[Hill et al. *v.* Culan.]

was due, and owing to said Culan at the time of filing the said answer; and from the amount of four hundred dollars, he the said Millar, paid to and for the said plaintiff, the debt, interest and cost of the said judgment, which was then and there received, and receipted by the said plaintiff, and by the proper officer to whom the said money was payable : That subsequently thereto, to wit., on the 11th day of July, 1857, on application of defendant's attorney, the court awarded a *scire facias ad disprobandum debitum;* and the said case afterwards, to wit., on the 15th day of December, 1856, came on to be tried, and was tried by the court and a jury, in which trial the plaintiff Robert Hill, obtained a verdict for an amount as large as that for which the judgment had before been entered, together with the interest thereon, and costs of suit,—after which, to wit., on the 16th day of December, 1856, the defendant moved the court for a new trial,—after which, to wit, on the 21st day of March, 1857, the court after due consideration and deliberation, arrested the judgment and quashed the writ and all proceedings thereon ; subsequently, to wit., on the 18th day of June, 1857, the defendant in said case, issued a *scire facias* upon said recognizance in said suit, No. 111, August Term, 1853 ; and the same not having been served on said defendants, E. T. M'Cann and Robert Hill, the said plaintiff afterwards, to wit, on the 14th day of August, 1857, issued this alias *scire facias* upon said recognizance, and deponent verily believes the facts before stated, furnish a full and complete defence to the recovery of a judgment by plaintiff in this case ; that the recognizance in this case, upon which this suit has been brought, has been kept by the said defendants in every particular as deponent believes, and that there has been no failure therein."

March 25, 1858, the court, DERRICKSON, J., on motion of plaintiff's attorney, entered judgment against defendants, for want of sufficient affidavit of defence, of which entry defendants complained :

1. That it was not such a case as required an affidavit of defence.

2. Because the affidavit was sufficient to entitle defendants to a trial by jury.

*Marshall* and *Grant*, for plaintiffs in error, contended that it was not a case in which an affidavit of defence was required under rule of court, adopting the words of the Act of 28th March, 1835, as to the descriptions of writings, in which an affidavit of defence was required, and referred to *Stokes* v. *Sayer*, 1 Miles, 25 ; *Montgomery* v. *Johnston*, 1 Miles, 324 ; *Kerney* v. *Collins*, 2 Miles, 13 ; *Dickson* v. *Shaw*, Ib. 262 ; *Ogden* v. *Root*, D. C. C. P.; *Bradford* v. *Bradford*, 2 P. L. J. 79 ; *M'Fate* v. *Shalcross*, 7 Leg. Int. 39.

[Glyde v. Keister.]

They also contended that the affidavit was sufficient, and referred to *Hugg* v. *Scott*, 6 Wh. 274; *Christy* v. *Bohlen*, 5 Barr, 38; *Fletcher* v. *Barcroft*, Wh. Dig. 495; *Bigelow* v. *Stearns*, 19 Johns. 39; *In the matter of Ferguson*, 9 Johns. 239; Kent's Com. chap. 1; *Bloom* v. *Burdoch*, 1 Hill, 130; *Griffeth* v. *Frazier*, 8 Cranch, 9; *Camp* v. *Wood*, 10 Watts, 120; *Feger* v. *Kroh*, 6 W. 294; *Caldwell* v. *Walters*, 6 Harris, 70.

*Gunnison*, for defendant in error, to show that the case required an affidavit of defence, referred to *Commonwealth* v. *Boult*, 1 Br. 237; *Davis* v. *Dolan*, Ib. 318; *Slocum* v. *Slocum*, 1 W. 367; Act of 11th March, 1836. Upon the point that the affidavit was not sufficient, he referred to *Jones* v. *Whitford*, Com. Pleas of Erie county, (Manuscript.)

The opinion of the court was delivered by

LOWRIE, C. J.—If any affidavit was necessary in such a case as this, certainly this one is quite sufficient, and ought to have prevented the judgment from being entered. According to it the condition of the recognizance has not been broken, for Culan has not disproved the debt in the foreign attachment case. The affidavit avers that he has not, and the record does not show that he has. As we read the affidavit and the entries furnished us, the proceedings *ad disprobandum debitum*, were terminated by being quashed. We do not understand this. If it was intended as a quashing of the foreign attachment suit, with its judgment and the other proceedings thereon, this is no less incomprehensible. This does not seem to us to be an equivalent for the duty of disproving or avoiding the debt, or for reversing a judgment for error.

Judgment reversed, and procedendo awarded.

THOMPSON, J., having been of counsel in the case in the court below, did not sit during the argument.